UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DONALD HERMANSEN,

        Plaintiff,

v.                                                  Case No. 14-C-1062

FINCANTIERI MARINE GROUP, LLC and
MARINETTE MARINE CORP.,

        Defendant.

---

## DECISION AND ORDER

Plaintiff, a long-time employee of Marinette Marine Corporation, brought this action alleging age discrimination and defamation after his employment was terminated following his attendance of a work-related party. The Defendants have moved for summary judgment, citing several defenses. For the reasons given below, the motion will be granted.

The dispositive fact is that the Plaintiff did not exhaust his administrative remedies, a point the Plaintiff studiously ignores in his response brief. The Age Discrimination in Employment Act requires that "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC].") 29 U.S.C. § 626(d). *Ajayi v. Aramark Bus. Servs., Inc.,* 336 F.3d 520, 527 (7th Cir. 2003). The "purpose of requiring a charge . . . is to give the employer 'some warning of the [complained-of] conduct' and afford 'the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion.'" *Id.* at 528 (quoting *Cheek v. W. & S. Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir.1994)). Since it is undisputed that no charge was ever filed, and because there is no claim

for equitable tolling, the ADEA claim must be dismissed for failure to exhaust.

The Plaintiff has also filed a claim for defamation, in which he alleges his employer made disparaging statements about him and thereby precluded him from securing other employment. The traditional and preferred approach in cases like this is to dismiss without prejudice the state law claims, or remand them to state court where they began. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 352 (1988). Accordingly, the defamation claim will be remanded to state court.

The motion for summary judgment is **GRANTED** in part. The ADEA claim is **DISMISSED** for failure to exhaust administrative remedies. The remainder of the action is **REMANDED** to Marinette County Circuit Court.

**SO ORDERED** this 15th day of September, 2015.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court